The court will proceed to the fifth case, the United States v. Bridgewater. Ms. Hill May it please the court, my name is Angela Hill. I'll be representing appellant David Bridgewater in this case, and I would like to reserve two minutes of rebuttal time, if I may. Mr. Bridgewater contends that his sentence was substantively unreasonable. In particular, he argues that the district court misapplied 18 U.S.C. 3553 A.6, resulting in a sentencing disparity from other defendants who had actually been convicted of similar conduct. He also argues that the district court erred when it based its sentence in part on the need to prevent Mr. Bridgewater from recidivating when there was no evidence in the record supporting that decision. And finally, for purposes of preserving his argument, he contends that the district court's reliance on dismissed conduct to increase the sentence was contrary to his due process and jury trial rights. So Mr. Bridgewater was initially charged with attempted enticement of a minor and one count of soliciting an obscene visual depiction of a minor. Pursuant to plea negotiations, the enticement count was dropped and Mr. Bridgewater pled guilty to the count for soliciting an obscene visual depiction of a minor. With an autism level of 21 and a criminal history category 1, his sentencing guideline range was 37 to 46 months imprisonment. However, because that count carried a five-year mandatory minimum, his effective guideline range was 60 months imprisonment. Both the government and Mr. Bridgewater agreed that the 60-month sentence was appropriate in this case. They both recommended to the court that the court impose a 60-month sentence. The court, however, imposed an above-guideline sentence of 78 months. And first, I would like to address the misapplication of 3553A6. The district court, and I quote from page 21 of the sentencing transcript, said, there's a need to avoid unwarranted sentence disparities and sentence disparities, meaning sentences for other offenders or defendants who have conducted themselves similarly. In other words, who have engaged in similar conduct. It's clear from this case that the district court believed by not increasing Mr. Bridgewater's sentence, she would be creating sentencing disparities between Mr. Bridgewater's case and other defendants who were convicted of enticement. However, the plain language of 3553A6 provides that the court should avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. And this court clarified that in United States v. Scott. In that case, the government had dismissed charges against the defendant's co-conspirator. He argued on appeal that the court had failed to consider the disparity that would be created between his sentence and the co-conspirator's lack of conviction. This court noted that 3553A6 requires conviction on the face of the statute, and it explained that there can be no disparity between the defendant's sentence and the co-conspirator's sentence when the latter does not even exist. And that is the case here. The conviction for enticement did not exist. Therefore, there could be no disparity between other defendants that have been convicted of enticement. In doing so, the court actually did create sentencing disparities among Mr. Bridgewater and other defendants who had been convicted of similar conduct. I pointed to three different cases in the brief that give varying examples. Most relevant here is the Heath case where Mr. Heath was charged with one count of enticement and two counts of soliciting an obscene visual depiction. And just like in this case, the government agreed to dismiss the enticement count. Mr. Heath actually had a higher offense level and a higher criminal history category. In that case, however, the court imposed a below-guideline sentence that was lower than Mr. Bridgewater's sentence. So in this case, we also argue that the district court erred when it increased Mr. Bridgewater's sentence based on the need to prevent him from recidivating when there was no evidence to suggest that he was at an increased risk of recidivism. In this case, in this court in United States v. Miller, the district court similarly based its sentence in part on recidivism when there was no evidence to support that. And this court found that sentence unreasonable. Here, the government did not introduce any evidence that Mr. Bridgewater was likely to recidivate. And the district court did not provide support for its view. Not only is there no evidence that Mr. Bridgewater would recidivate, but everything appears to be that Mr. Bridgewater would be at low risk of recidivism. Mr. Bridgewater was in his 40s and he had no criminal history. He actually had quite severe medical problems that would make it more difficult for him to recidivate than the average person. But he had no criminal history, you say? He had no criminal history. So this is a first offense sort of thing? This is his very first offense. And this was pretty much a run-of-the-mill sting operation in which Mr. Bridgewater was involved in a conversation with an undercover agent. And he then consented to an interview once he was at the meeting spot. I'm sorry, I didn't hear that he was involved with an undercover agent. Yes. And as a result, he ended up going over to... Yes, he was involved in a... He was talking to an undercover agent online who he thought was a 15-year-old. He agreed to meet the agent at a meeting spot. And at that point, he consented to an interview whenever he was confronted by... They performed a traffic stop and he consented to an interview. And consented to having him look at his cell phone too, right? That's correct. He consented to actually letting them look through the cell phone he had. And he even provided them with another cell phone to look through. Finally, I would note that the government has suggested that our argument is waived or forfeited. And I would like to address that. I would note that in United States v. Castro Juarez, this court explained that defendants need not object at sentencing to preserve a review of reasonableness. This court said that to insist that defendants object at sentencing to preserve appellate review for reasonableness would create a trap for unwary defendants in saddle-busy district courts with the burden of sitting through an objection probably formulaic in every criminal case. And the opinion ends by saying our review of a sentence for reasonableness is not affected by whether the defendant had the foresight to label his sentence unreasonable. And I would also note that the defendant in his sentencing memo at that point had no reason to believe that this would result in an above-guidelines sentence. But he did offer that a 60-month sentence would not create a sentencing disparity and the government did not disagree with that. The government agreed that the same sentence was appropriate. It was the court that considered on its own accord that it should increase the sentence based on these reasons that I have mentioned. Also, I would address that the government has suggested that the defendant had advance notice. The defendant did not learn until the day of sentencing that the court was even considering an above-guidelines sentence. He certainly didn't know the reasons for that above-guidelines sentence or the extent of that above-guidelines sentence. And if there are no further questions, I would like to reserve the rest of my time. Of course. Thank you. Mr. Ligon. Good afternoon, Your Honors. My name is Tom Ligon and I represent the United States in this appeal. I only have, I guess, a couple of quick points to make this afternoon. The first is that throughout their brief, the defendant makes reference that the sentence was an unreasonable disparity because of the 37 to 46-month guideline range. And it, of course, is our opinion that that is not the applicable guideline range at this court. It's 60 months. There is no defendant in the country who has ever been sentenced to less than 60 months for this particular offense unless the sentencing court violated the law. So the baseline that this court should consider the departure is from the 60-month sentence, not the 36 to 47-month guideline range. The second issue I'd like to talk about is also addressed in our brief, and it is our position that the defendant waived this sentencing disparity argument by failing to raise it after the court inquired. The court went through a several-page justification for the sentence that it planned to impose and that it, in fact, didn't impose. I think it covers five pages of the transcript where the court announces its reasons for imposing the sentence that it did. At the end of that, the court inquired, are there any other arguments in mitigation that the defendant wishes to present to this court? And the defendant was silent on the issues they now raise on appeal. And according to this court's precedent in Majewski and Garcia-Seguro, whenever the district court makes that invitation, then the defendant waives any subsequent appeal of any matter that wasn't raised before the district court. And I'd also note that this is further exacerbated in this case. This failure to raise this issue is further exacerbated in this case because when the defendant gets before this court, they cite to cases, the facts of cases that were never presented to the district court. The Heath case that the counsel made mention to this morning was never presented to the district court. As I point out in my brief, we could have distinguished that case. That was my case. It was before a different judge, and there are facts to distinguish that case from this one. But I guess what it boils down to is that this court doesn't sit to sentence defendants. This court sits to determine whether or not the district court made an error, and you can't very well say that a district court made an error based on an argument that was never presented to it and based on facts that were never presented to it. And it's also our position that even if you really, the waiver doctrine of Majewski, that was established by this court for its benefit. It's so the courts would make records that this court could review, and if a defendant didn't bother to have a court do that, then that provides an easy way for this court to dispose of the case. But even if you apply the abuse of discretion standard here, what the court did under that standard, this court just looks at whether or not the court announced a sufficient reason based on the 3553A factors for imposing the sentence that it did, and it is our position that it was more than adequately met in this case, and if there are no questions, I will yield the rest of my time. Thank you, Mr. Likens. Ms. Hill. Thank you, Your Honor. The government does believe that this is waived because the defendant did not respond to the court's question. However, the court did address the disparity argument in this case. This is not a case where a mitigation argument was not considered. She explicitly addressed that and considered it. That is why we do not believe that that waiver issue is relevant in this case. We would also note that this court has also indicated that a defendant need not make that objection to the substantive reasonableness, and I believe that is a different issue that the government has conflated in this case. Also, the defendant had already suggested that a 60-month sentence was reasonable. The government did not explicitly suggest the 60-month sentence was reasonable, but it's implicit in the fact that it agreed that the 60-month sentence was appropriate. It offered no other evidence in that regard. So we would argue that the issue certainly was not waived. The court explicitly considered the issue and passed upon it. Therefore, it should not be considered waived for that reason. Thank you. Thank you, Ms. Likens. The case is taken under advisement.